JIMÉNEZ, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

Appeal from a Decision of the Registrar of Property Recording a Deed with Curable Defect.

No. 290.—Decided November 28, 1916.

CONSOLIDATION OF PROPERTIES—BOUNDARIES—DESCRIPTION OF PROPERTY—CURABLE DEFECT.—The provisions of article 9 of the Mortgage Law and article 63 of the Regulations for its execution are general, and in order to comply with them it is necessary to state all the boundaries of the property with relation to each of the four cardinal points of the compass instead of only partially; therefore, in a consolidation of properties it is a curable defect to state only the names of some, and not of all, of the owners of land adjoining on one side.

The facts are stated in the opinion.
*Mr. Andrés Mena* for the appellant.
The registrar appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By public instrument No. 82 executed in Caguas on May 8, 1915, Lorenzo Jiménez Soto and his wife, Natalia Solá Caballero, consolidated four properties owned by them in the ward of Borinquen of the said municipality, forming one property of 55.50 *cuerdas,* containing a one-story frame building roofed with clay tiles and zinc, the consolidated property being bounded on the north by properties of Antonio Torres, Candelario Roldán and others; on the south by property of Tomás Flores; on the east by property of the Succession of Manuel de Jesús Flores; on the west by the brook known as Lagitas and by property of Ildefonso Solá y Caballero. By the same instrument the said spouses leased the property described to Jacinto Muñoz for a term of two years, and it was agreed that the contract of lease should be recorded in the registry of property.

A copy of the said instrument having been presented for record in the Registry of Property of Caguas, the registrar, by his decision of July 12, 1916, recorded the same as to the consolidation of the properties with the curable defect that the instrument failed to state the names of "the other owners of the adjoining property on the north."

Lorenzo Jiménez Soto appealed from that decision as to the curable defect assigned.

We are of the opinion that the registrar acted in accordance with the provisions of the Mortgage Law and its Regulations.

Article 9 of the Mortgage Law provides that every record shall set forth the boundaries of the property recorded or affected by the right to be recorded. Article 63 of the Regulations for the execution of the said law requires that the boundaries shall be determined according to the four cardinal points of the compass.

These provisions are general and in order to comply with

them it is necessary to state all the boundaries of the property with relation to each one of the cardinal points.

In the present case the northern boundaries of the property under consideration are not well defined by stating that it is bounded by the property of Antonio Torres, Candelario Roldán and others, for the others whose names are omitted may be different persons and therefore the said boundary is determined not wholly but only in part.

The said provisions of the Mortgage Law and its Regulations have not been wholly complied with; therefore the curable defect assigned by the registrar exists although it may be corrected very easily.

For the foregoing reasons the decision appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.